AO 91 (Rev. 11/11) Criminal Complaint

| AUSA: | Corinne Lambert | Telephone: | (313) 226-9129 |
| Special Agent: | Megan So | Telephone: | (313) 590-4692 |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.
Samer Succar

Case No.  Case: 2:25−mj−30556
Assigned To : Unassigned
Assign. Date : 9/4/2025
Description: CMP USA V. SUCCAR (DJ)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  June 2015 - July 2025  in the county of  Wayne  in the  Eastern  District of  Michigan , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 42 U.S.C. § 1383a(a)(3) | Supplemental Security Income Fraud |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_Complainant's signature_

Megan SO - Special Agent
_Printed name and title_

Sworn to before me and signed in my presence and/or by reliable electronic means.

Date: September 4, 2025

_Judge's signature_

City and state: Detroit, Michigan

Kimberly Altman - Magistrate Judge
_Printed name and title_

# AFFIDAVIT IN SUPPORT OF
# CRIMINAL COMPLAINT AND ARREST WARRANT

I, **MEGAN SO,** being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1) I am a Special Agent with the Social Security Administration, Office of the Inspector General, Office of Investigations (SSA/OIG/OI) and have been so employed since February 2020. I hold a bachelor's degree in Business Administration from the University of Michigan–Dearborn. I am a graduate of the Federal Law Enforcement Training Center in Glynco, GA, having completed its Criminal Investigator Training Program. Additionally, I completed the Inspector General Investigator Training Program through the Council of the Inspector General on Integrity and Efficiency. Before becoming a Special Agent, I spent eleven years processing benefit applications and resolving benefit-related matters for the SSA, first as a Claims Representative, and then as an Operations Supervisor. My current job duties include conducting investigations of violations of Social Security laws and related statutes, including but not limited to Title 42 U.S.C. § 1383a (Supplemental Security Income Fraud). I am authorized to execute warrants and make arrests.

2) I have been assigned to an investigation concerning a Supplemental Security Income (SSI) beneficiary, Amal Succar (hereinafter Amal), who is shown to

have resided outside of the United States since June 2015, while her son and representative payee, Samer SUCCAR (hereinafter SUCCAR), intentionally failed to disclose Amal's true residence to the SSA in order to maintain her eligibility for benefits. As representative payee, SUCCAR was obligated to report if Amal had a change of address or if she traveled outside of the United States for a duration expected to last a full calendar month or 30 consecutive days. SUCCAR's failure to report this material fact to the SSA constitutes a violation of Title 42 U.S.C. § 1383a(a)(3) (SSI Fraud). I have prepared this affidavit in support of a criminal complaint and arrest warrant for SUCCAR.

3) The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is presented for the limited purpose of showing there is sufficient probable cause for the requested complaint and warrant and does not set forth all of my knowledge about this matter.

4) Based on my investigation thus far, there is probable cause to believe that SUCCAR violated 42 U.S.C. § 1383a(a)(3), by failing to report to the SSA the fact that his mother, Amal, departed from the United States in June 2015, and continues to reside in a foreign country.

## INVESTIGATION SUMMARY

5) The investigation has revealed that Amal became entitled to SSI benefits in 2004, at which time her son, SUCCAR, was selected to serve as her representative payee. As representative payee, SUCCAR completed several Representative Payee Accounting forms and received copies of Amal's Cost-of-Living-Adjustment letters (COLA). These documents explained changes in Amal's monthly benefits and provided a list of events that SUCCAR was required to report to the SSA, including if Amal moved or if she traveled outside the United States and was expected to be gone a calendar month or 30 consecutive days. Government records show that Amal departed the United States on June 1, 2015, and has not returned. SUCCAR did not report Amal's foreign travel to the SSA. Therefore, the SSA continued to issue Amal's monthly SSI benefits through July 1, 2025, resulting in a fraud loss of approximately $98,335.00.

## PROBABLE CAUSE

6) The SSA administers the SSI program under Title XVI of the Social Security Act. SSI is a federal income supplement program designed to help aged, blind, and disabled people with little or no income and resources. SSI provides eligible recipients with cash payments to meet basic needs for food,

clothing, and shelter. There are specific events that must be reported to the SSA, as they can impact SSI eligibility. When an individual has a representative payee, the representative payee is obligated to report any changes that may affect the beneficiary's eligibility for SSI to the SSA no later than 10 days after the month the change takes place. Included in these reporting responsibilities is if the beneficiary moves or if she leaves the United States and expects to be gone for a full calendar month or for 30 consecutive days. Generally, an individual who is outside of the United States for full calendar month or 30 consecutive days is not eligible for SSI benefits.

7) In July 2025, the SSA/OIG/OI received an allegation from an SSA field office which indicated that Amal had been outside of the United States since 2015, and her son and representative payee, SUCCAR, continued to receive her SSI benefits through July 2025, after which her SSI benefits were suspended.

8) According to SSA records, Amal became entitled to SSI benefits as a disabled individual in 2004, and her son, SUCCAR, was selected to serve as her representative payee. The SSA mailed copies of Amal's Notice of Award to both Amal and SUCCAR, which stated that Amal's benefits would

be issued to SUCCAR on her behalf. The Notices were sent to Amal and SUCCAR's reported shared address of 4820 Maddie Lane, Dearborn, MI 48126. The Notices explained that SUCCAR had certain reporting responsibilities and encouraged him to read an enclosed pamphlet titled "What you Need to Know When you get SSI". On page 14 of the pamphlet it stated, "Usually, if you leave the United States for 30 days or more, you can no longer get SSI." The pamphlet further explained that plans to leave the United States must be reported to the SSA.

9) As Amal's representative payee, SUCCAR received representative payee accounting forms from the SSA, which required him to account for how he spent Amal's SSI benefits. SUCCAR completed and returned the following accounting forms to the SSA:

| Date Completed | Accounting Period | Did the beneficiary continue to live alone or with the same person or in the same institution? | Did you (the payee) decide how the accountable amount was spent or saved? |
|---|---|---|---|
| 03/28/2012 | 07/01/2010 – 06/30/2011 | Yes | Yes |
| 09/11/2013 | 07/01/2012 – 06/30/2013 | Yes | Yes |
| 01/05/2015 | 07/01/2013 – 06/30/2014 | Yes | Yes |
| 08/06/2015 | 07/01/2014 – 06/30/2015 | Yes | Yes |
| 09/16/2015 | 07/01/2015 – 06/30/2016 | Yes | Yes |
| 11/05/2016 *See Note Below | 07/01/2015 – 06/30/2016 | Yes | Yes |
| Signed but undated | 07/01/2017 – 06/30/2018 | Yes | Yes |
| 08/08/2019 | 07/01/2018 – 06/30/2019 | Yes | Yes |

| 01/10/2021 *See Note Below | 07/01/2019 – 06/30/2020 | Yes | Yes |

*The rep payee accounting forms dated 11/05/2016 and 01/10/2021 were signed in Amal's name.

10) Additionally, the SSA mailed copies of Amal's COLA letters to SUCCAR, which advised him of changes to her SSI benefits. From 2013 through 2024, SUCCAR received approximately 11 COLA letters, all of which contained a list of his reporting responsibilities, including the obligation to report if Amal moved or if she left the United States and was expected to be gone for a full calendar month or for 30 consecutive days.

11) According to U.S. Customs and Border Protection (hereinafter CBP) records, Amal departed the United States on June 1, 2015, and there is no record of her return. According to the Michigan Secretary of State, Amal no longer has a Michigan driver's license/identification on file, and their record retention period is 10 years. Additional government records show that Amal visited the U.S. Embassy in Beirut, Lebanon in 2021.

12) According to SSA records, SUCCAR has not reported Amal's foreign travel or residency to the SSA.

13) In June 2025, the SSA sent SUCCAR a notice of a scheduled telephone appointment in order to conduct a case review. The SSA was unable to

- 6 -

achieve contact with SUCCAR. In July 2025, the SSA sent SUCCAR a notification that they were going to issue Amal her benefit payments directly. The same month, the SSA suspended Amal's SSI benefits. The last payment issued to SUCCAR as representative payee for Amal was dated July 1, 2025.

## CONCLUSION

14) Accordingly, based upon my training, experience, and the facts set forth in this Affidavit, there is probable cause to believe that SUCCAR, while serving in an official capacity as representative payee, failed to report Amal's extended 10-year residency outside the United States to the SSA in order to fraudulently maintain Amal's eligibility for SSI, in violation of Title 42 U.S.C. § 1383a(a)(3).

I, MEGAN SO, Special Agent with the Social Security Administration, Office of the Inspector General, Office of Investigations, being duly sworn according to law, hereby affirm that the facts stated in the foregoing affidavit are true and accurate to the best of my knowledge, information, and belief.

*[signature: Megan So]*

MEGAN SO
Special Agent, SSA/OIG/OI

Sworn to before me and signed in my presence

and/or by reliable electronic means.

_____
KIMBERLY ALTMAN
United States Magistrate Judge

September 4, 2025